[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in Bridgeport, Connecticut, September 12, 1986, and both parties have been residents of Connecticut for at least twelve months next preceding the date of this hearing. There are no minor children issue of this marriage. CT Page 3463
The evidence presented established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court carefully considered the criteria set forth in 46b-62, 46b-81 and 46b-82 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
Mrs. Fisher, the plaintiff, is 38 years old. This is her second marriage. A high school graduate, she suffers from high blood pressure. Presently unemployed, she had worked in a family fish store for many years. She also has additional medical problems, the cause of which she attributes directly to Mr. Fisher, the defendant.
Mr. Fisher is 43 years old. This is his first marriage. He possesses a college degree from New York University and a Masters Degree from the University of Bridgeport. He has achieved considerable success in the business world, particularly with his present employer with whom he has worked for a lengthy period of time. He describes his health as good.
Evidence was presented on both sides concerning the causes for the breakdown. It would serve no usual purpose to repeat the testimony. Suffice it to say that Mrs. Fisher emotionally described how Mr. Fisher was the cause of the marriage breakdown. Mr. Fisher, on the other hand, in what could be characterized as more detached testimony, laid the blame for the marriage breakdown squarely on Mrs. Fisher. Although the court found both the plaintiff and the defendant to be good, decent people, there was direct contradiction in their respective testimony on several important issues.
The following orders shall enter:
1. The plaintiff shall be entitled to the personal property located in the residence at 556 Cutler's Farm Road, Monroe, Connecticut except for the list agreed to between the parties attached hereto and made a part hereof which shall belong to the defendant. He may pick these items up on reasonable notice to the plaintiff. Plaintiff will see that no injury comes to these items of personal property.
2. The plaintiff shall retain her boat, the 1989 Corvette and the 1988 Oldsmobile Cutlass. The defendant shall retain the 1986 Oldsmobile. CT Page 3464
3. The plaintiff shall retain her IRA. The defendant shall retain his 401K savings plan and his savings account at his employer's credit union.
4. The defendant shall provide health insurance as presently offered through his employer for the benefit of the plaintiff, at his expense, for a period not to exceed three (3) months. At the completion of the three month period, he shall cooperate with her if she wishes to continue medical insurance at her own expense through his employer resulting from COBRA mandated benefits. 5. The wife shall have exclusive occupancy and possession of the family residence located at 556 Cutlers Farm Road, Monroe, Connecticut until her death, remarriage, cohabitation, until she wishes to sell it or one year from date, whichever event shall first occur, at which time the residence shall be placed on the market for sale.
 Before being placed on the market for sale, however, she shall first be given a period of thirty (30) days to exercise an option to buyout the defendant husband's interest in said premises. In determining the fair market value for buyout purposes, if the parties cannot agree themselves, each party shall pick a recognized appraiser, and if the appraisals of the two appraisers are within five (5%) per cent of one another, the median of the two appraisals will be designated as the fair market value. If the appraisals are not within five (5%) per cent of one another, the two appraisers previously chosen shall then choose a third appraiser whose appraisal shall be binding upon the parties as the fair market value. The court expects this to be carried out expeditiously. From the fair market value shall be deducted a hypothetical real estate broker's commission equivalent to six (6%) per cent of the fair market value.
 The amount arrived at after the deduction of the then due mortgage and one half of the tax lien will be divided in the following manner: fifty (50%) per cent to Mr. Fisher and fifty (50%) per cent to Mrs. Fisher. Mrs. Fisher must complete the buyout within thirty (30) days of the parties arriving at a buyout figure. If Mrs. Fisher does not exercise this option, Mr. Fisher will then be given the same option for an additional thirty (30) day period. Time will be considered of the essence.
 If neither Mr. Fisher nor Mrs. Fisher exercise their options to buyout the other's interest in the Cutlers Farms Road property, the property will immediately be placed on the market for sale with the net proceeds to be divided CT Page 3465 50-50 after the payment of the then due first mortgage and the tax lien.
 For a period of twelve (12) months after being bought out or the sale of the Cutlers Farm Road property takes place, if Mrs. Fisher wishes to purchase another home as her principal place of residence, Mr. Fisher shall cosign a mortgage note for the purchase of said residence so long as the purchase price does not exceed $200,000.00 and the mortgage is not more than fifty (50%) per cent of the purchase price. This option for the plaintiff shall be available to her only if she is not able to obtain the mortgage on her own financial ability. The defendant will cooperate in making available financial information requested by the banking institution in order to make the loan. Mrs. Fisher will completely indemnify and hold harmless Mr. Fisher from this loan including, but not limited to, reasonable costs and attorney's fees incurred by reason of litigation or threatened litigation concerning said loan.
 Mr. Fisher shall be responsible for expense items numbered one and two as listed on Mrs. Fisher's affidavit dated March 18, 1991, up to the amounts listed in that affidavit. The defendant's responsibility to make these payments shall terminate fourteen (14) months from date or upon Mrs. Fisher's buyout or the sale of the property whichever event shall first occur. From the triggering date forward, the plaintiff will be solely responsible for these expenditures and shall fully indemnify and hold the defendant harmless therefrom. Mrs. Fisher shall pay all other carrying costs associated with the residence including, but not limited to, maintenance as well as repairs up to $350.00 per occurrence. All repairs over $350.00, for the amount over $350.00, shall be split fifty (50%) per cent allocated to the plaintiff and fifty (50%) per cent to the defendant. The defendant's consent for repairs, however, must first be obtained before he is obligated for his fifty (50%) per cent, except in an emergency, which consent shall not be unreasonably withheld. He shall not seek any refunds for insurance premiums previously paid. He shall vacate the premises within twenty-one (21) days hereof, time being of the essence.
 The court will retain jurisdiction concerning any disagreement that may arise regarding implementation of its orders relating to the Cutlers Farm Road property or the plaintiff's purchase of another home within twelve (12) months.
6. No alimony will be awarded to either party.
7. Except as may otherwise be treated in this memorandum of decision, each party shall be responsible for their own debts and shall fully indemnify and hold the other harmless therefrom.
8. Except as may otherwise be treated in this memorandum of decision, each party shall retain ownership of any asset now held in his or her respective name.
9. For any taxes, interest and/or penalties found to be due and owing on any joint tax returns, each party shall be responsible for the amount owed based on the income earned and/or deductions claimed by that party. As to taxes, interest, and/or penalties on the returns that are based on joint deductions or a mistake by the preparer of the document, the amount shall be divided equally between the parties.
10. The defendant shall contribute $3,000.00 to the attorney's fees incurred by the plaintiff, to be paid no later than the sale or buyout of the Cutlers Farm Road property.
11. The defendant will maintain $30,000.00 of unencumbered life insurance with the plaintiff as primary irrevocable beneficiary until the sale or buyout of the Cutlers Farm Road property.
Judgment shall enter in accordance with the foregoing orders.
LAWRENCE L. FAUSER, JUDGE. CT Page 3466